IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


ROY BISSONETTE,

      Appellant,

 v.                                Case No.  5D16-713

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 16, 2016

3.850 Appeal from the Circuit Court
for Brevard County,
Charles G. Crawford, Judge.

J. Jeffrey Dowdy, Chief Assistant
Public Defender, and Michael B.
Schoenberg, Assistant Public Defender,
Sanford, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Roy Bissonette ("Appellant") appeals the postconviction court's denial of his

Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We reverse the

postconviction court's order and remand for resentencing consistent with this opinion.

In 1973, Appellant, then 16 years old, was convicted of first-degree murder. The trial court sentenced him to life in prison with the possibility of parole after 25 years. In 2015, Appellant filed this rule 3.850 motion for postconviction relief, alleging that the Florida parole system does not provide him a meaningful opportunity for early release based on demonstrated maturity and rehabilitation as required by Miller v. Alabama, 132 S.Ct. 2455 (2012), and Graham v. Florida, 560 U.S. 48 (2010). Appellant, who has now served over 42 years of his sentence, alleged that he has a presumptive parole release date ("PPRD") of 2073, likely well after the end of his natural life. The postconviction court denied Appellant's motion, reasoning that Miller applies only to a juvenile homicide offender sentenced to life without the possibility of parole.

Following the postconviction court's decision, our supreme court determined that a juvenile first-degree murder offender's mandatory sentence of life in prison, despite his eligibility for parole after 25 years, violated Miller and its progeny. Atwell v. State, 41 Fla. L. Weekly S244 (Fla. May 26, 2016). The court reasoned that Florida's parole system does not "provide for individualized consideration of [defendant's] juvenile status at the time of the murder, as required by Miller." Id. Moreover, the court noted that the parole guidelines established a presumptive release date in the year 2130, approximately 140 years after the defendant committed his offense. Id. In reaching this conclusion, the court rejected the State's assertion that the sentence was legal because it allowed for the possibility of parole. Id. at S246. Therefore, the court reversed and remanded for resentencing with retroactive application of the new juvenile sentencing structure codified in chapter 2014-220, Laws of Florida. Id.

Although the postconviction court correctly denied Appellant's motion at the time, that decision cannot stand in light of <u>Atwell</u>. Like <u>Atwell</u>, although Appellant technically did not receive a life-without-parole sentence, his PPRD recommends a release date in 2073, 100 years after his conviction and sentence. Thus, we find that Appellant's sentence violates <u>Miller</u> because the sentencing court effectively imposed a life-without-parole sentence. As explained above, our supreme court has determined that the proper remedy for a <u>Miller</u> violation is to reverse and remand for resentencing in conformance with the new juvenile sentencing structure reflected in chapter 2014-220, Laws of Florida. <u>See</u> <u>Horsley v. State</u>, 160 So. 3d 393, 405 (Fla. 2015). Accordingly, we reverse and remand for resentencing consistent with this opinion.

REVERSED and REMANDED for RESENTENCING.

SAWAYA, BERGER and WALLIS, JJ., concur.